WILLIAMS and others *against* WILLIAMS and others.

*Law of charitable uses; religious societies; gifts to religious or charitable uses.*

NATHANIEL POTTER, who died at Huntington, in the county of Suffolk, in November, 1841, left a will executed a few days prior to his decease, by which he gave to the trustees of the Presbyterian church and congregation in the village of Huntington, and their successors, in trust, for the support of a minister of the said church, as then constituted, the sum of six thousand dollars, to be kept at interest, one-half the interest annually to be added to the principal until the fund should amount to ten thousand dollars; the other half to be applied to the support of a minister in said church, and as soon as the accumulation should cease, the whole interest to be so applied. Any diversion of the fund to operate as a forfeiture in favor of the residuary legatees.

By another provision of the will, the testator, after reciting "a desire to raise the standard of intellectual and moral improvement among the poor," constituted and appointed three persons, named, of the village of Huntington, and their successors, a board of trustees, which the testator thereby constituted for the exclusive education of the children of the poor. And, "in order to maintain the number of said trustees in perpetuity," the surviving or remaining trustees were authorized to fill any vacancy, as often as it should occur by death, resignation, or removal from the village of any one of the said trustees, by the choice of another, to be entered on the minutes of their proceedings. To those trustees and their successors appointed as aforesaid, the testator gave six thousand dollars in trust for a perpetual fund, for the education of the children of the poor, who should be educated in the academy in the village of Hunting-

ton; or in case of the destruction of the academy by fire, or otherwise, then in the school-house next west of the academy until it should be rebuilt. The fund to be invested at interest, and one-half the interest annually to be added to the principal until the whole should amount to ten thousand dollars. The other half (and the whole after the accumulation should be completed) to be expended "in the education of the poor in the academy in the village of Huntington." The instruction was to be limited to a good English education, which was to be extended "to the poor of every description, without discrimination of denomination or complexion." The children to be those "whose parents' names are not on the tax list;" and if the interest should be more than was required for that purpose, the surplus to be expended in the education of children "whose parents should stand lowest on the tax list." Any diversion of the fund to forfeit it to the residuary legatees. There was a direction, that if the powers of the trustees should prove insufficient for the execution of the trust, they should apply for a special act of incorporation, &c.

On a bill filed by the residuary legatees named in the will, claiming the two sums so bequeathed, on the ground that the bequests were void, it was

*Held*, that both bequests were valid. That the first was valid without invoking in its aid the peculiar rules applicable to gifts and grants to charitable uses; but the last could be sustained and enforced only in accordance with those rules.

That religious societies, incorporated under our general statutes authorizing such incorporation, have power to hold funds in trust, the income to be applied exclusively to any particular purpose within the general objects of their creation, as defined by the statutes.

That the law of charitable uses as it existed in England, and was administered in the Court of Chancery in that

country (independent of the statute of 43 Elizabeth), at the time of the Revolution, became the law of this state, on the adoption of the constitution of 1777, and is still in force here; and that the existing courts of this state, having equity jurisdiction, are bound to enforce it.

That the statutes of this state respecting trusts, perpetuities, and the limitation of future estates, were not designed to, and do not at all affect, conveyances or testamentary gifts to religious or charitable uses.

(S. C., 8 N. Y. 525.)